UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAZMINE I. ROBERTS,

                    Plaintiff,

            -against-

MT. PLEASANT LOCAL CITY COURT;
MARK FITZMAURICE; HONORABLE
JUDGE RUBEO; JOHN DOES,

                    Defendants.

24-CV-4949 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jazmine I Roberts, a resident of Queens County, New York, filed this complaint *pro se.* Invoking the Court's federal question jurisdiction, Plaintiff alleges that Defendants violated her federally protected rights. By order dated July 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, which names the following Defendants: (1) the "Mt. Pleasant Local Court" in Westchester County; (2) Judge Rubeo, who appears to be presiding over Plaintiff's criminal proceedings; (3) Legal Aid Attorney Mark Fitzmaurice, and (4) three John Doe WCDOC[1] employees, who appear to be court officers.

According to Plaintiff, Judge Rubeo denied her request for a new Legal Aid attorney to replace Fitzmaurice; "lied . . . about [Plaintiff] not being in the courtroom and able to appear

---

[1] The Court understands "WCDOC" to stand for the Westchester County Department of Correction.

before a second attempt to go before the judge"; and conveyed to her the District Attorney's offer of "a last and final offer" of a plea deal involving a two-year prison sentence. (ECF 1 ¶ III.)

Plaintiff asserts that Fitzmaurice "has not told [her] anything about the case"; and said that he "does not feel comfortable with [her] coming to his office." (*Id.*) She also writes, "witness testimony," but provides no facts explaining what claim she is asserting against Fitzmaurice with respect to witness testimony.

Lastly, Plaintiff asserts that the criminal charges she is facing are "false," and that three WCDOC employees, who "brought these charges against" her, retaliated against her "physically," and that "reprisal efforts are being sought through these false allegations." She also claims that, although these employees "jumped" Plaintiff, she was charged with assault.[2] (*Id.*) Plaintiff claims that these events occurred from "initial apprehension to WCDOC to 6/18/24." (*Id.* ¶ III.)

Plaintiff seeks "[t]o be protected from reprisal and retaliation efforts by defendants and appellees of docket 21-2583," and their "family and friends or co-workers." (*Id.* ¶ IV.) She also appears to refer to a decision by the United States Court of Appeals for the Second Circuit dismissing her appeal of a prior case in this court. *See Roberts v. Guidance Ctr. of Westchester*, ECF 1:20-CV-8409, 10 (LTS) (S.D.N.Y. June 29, 2021) (dismissing for failure to state a claim a complaint asserting retaliation claims against Westchester County agencies and departments of municipal governments), No. 21-2583 (2d Cir. Apr. 11, 2022) (dismissing appeal because it lacked "an arguable basis either in law or in fact") (hereinafter "the 2022 appeal").

---

[2] It is not clear if the assault charge is the subject of the criminal proceedings before Judge Rubeo.

Plaintiff has previously asserted in prior complaints similar retaliation claims allegedly stemming from the filing of the 2022 appeal. *See Roberts v. Narayan Pharm.*, ECF 1:24-CV-1317, 4 (LTS), 2024 WL 1908249, at *1 (S.D.N.Y. Apr. 29, 2024) (dismissing for lack of subject matter jurisdiction complaint in which Plaintiff alleged, among other things, that she was "facing discrimination and retaliation because of docket 21-2583"), *appeal pending* (2d Cir.); *Roberts v. Montefiore Mt. Vernon Univ. Hosp. for Albert Einstein Coll. of Med.*, ECF 1:24-CV-1385, 4 (LTS), 2024 WL 1962852, at *1 (S.D.N.Y. May 2, 2024) (dismissing for lack of subject matter jurisdiction complaint alleging that Plaintiff was "[f]acing discrimination and retaliation due to civil complaint docket 21-2583"), *appeal pending* (2d Cir.). *See also Roberts v. U.S. Dist. Ct. of Southern Dist. of New York*, ECF 1:22-CV-0127, 5 (LTS), 2022 WL 95069, at *1-2 (S.D.N.Y. Jan. 10, 2022) (dismissing complaint asserting a violation of the right to check the "status of [her] civil complaint docket or get a copy of docket 21-2583")

## DISCUSSION

### A.    Problematic Defendants

#### 1.    Attorney Fitzmaurice

Plaintiff invokes 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d

Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). As Defendant Fitzmaurice is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983.

### 2.    Judge Rubeo

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions

that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Rubeo acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Rubeo for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Rubeo because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### 3.    Mt. Pleasant Local Court

Plaintiff's claims against the "Mt. Pleasant Local Court" must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived

its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 368 (citation omitted*); see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment) (citing *Gollomp*, 568 F.3d at 368)).

Plaintiff sues the "Mt. Pleasant Local Court" — a part of the New York State Unified Court System – which is entitled to Eleventh Amendment immunity. The Court therefore dismisses Plaintiff's Section 1983 claims against this Defendant under the doctrine of Eleventh Amendment immunity and because these claims are frivolous.[3] *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## B.    John Doe WCDOC Employees

### 1.    Retaliation

Plaintiff alleges that three WCDOC employees "physically" retaliated against her for filing the 2022 appeal. To state a First Amendment claim of retaliation, a plaintiff must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected conduct and the adverse action. *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (citation, alteration, and quotation marks omitted).

---

[3] *See also Zuckerman v. App. Div., Second Dep't, Sup. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of Section 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

In order to satisfy the causation requirement, a plaintiff's allegations must be sufficient to support the inference that the speech played a substantial part in the adverse action." *Davis v. Goord*, 320 F.3d 346, 354 (2d Cir. 2003). For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009); *see also Mateo v. Fischer*, 682 F. Supp. 2d 423, 435 (S.D.N.Y. 2010) (endorsing incorporation of circumstantial evidence of causation "where the adverse action occurs soon after the protected" activity). Such a claim must "be supported by specific and detailed factual allegations, not stated in wholly conclusory terms." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015).

Plaintiff does not state a plausible retaliation claim. Although filing a lawsuit is a protected activity, and physical assault constitutes an adverse action, Plaintiff wholly fails to provide specific and detailed facts showing a causal connection between the 2022 appeal and the conduct of the WCDOC employees. Plaintiff does not allege that the filing of the 2022 appeal occurred close in time to the physical incidents, and there is nothing else alleged in the complaint suggesting a causal connection. The 2022 appeal did not arise from a case involving the WCDOC or its employees, and there is nothing the complaint that would support an inference that WCDOC employees knew of the appeal or retaliated against Plaintiff because of that appeal, which was dismissed as frivolous in 2022. In short, Plaintiff provides no facts suggesting that anyone acted with a retaliatory motive, or would have had a reason to do so.

It must also be noted that Plaintiff has repeatedly alleged that other individuals and institutions retaliated against her because of the 2022 appeal, and those allegations have been repeatedly rejected. The Court therefore dismisses Plaintiff's retaliation claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.     Excessive Force

The Court liberally construes Plaintiff's complaint as alleging an excessive force claim against the WCDOC employees. The complaint does not, however, comply with Rule 8, because the complaint does not make a short and plain statement showing that she is entitled to relief from the WCDOC employees. Plaintiff does not explain when or where the underlying incidents took place, or what specifically occurred, nor does it identify or describe particular individuals, or allege what harm each one did.. The Court is thus unable to determine whether she can state an excessive force claim against the WCDOC officers.

### LEAVE TO AMEND

In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend her complaint *solely* with respect to her excessive force claim against the WCDOC employees.[4] *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (holding that district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile). If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.[5]

---

[4] If Plaintiff files an amended complaint, it should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

[5] The Court has previously warned Plaintiff that if she abuses the privilege of proceeding IFP, the Court may order her to show cause why she should not be barred from proceeding IFP without prior permission. *See Roberts v. United States*, No. 24-CV-1512 (LTS), 2024 WL 3606708, at *3 (S.D.N.Y. July 29, 2024); *Roberts v. U.S. Dist. Ct. of Southern Dist. of New York*, No, 22-CV-0127 (LTS), 2022 WL 95069, at *3 (S.D.N.Y. Jan. 10, 2022) (same). That warning remains in effect.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead facts *solely* with respect to her

excessive force claim against the WCDOC employees.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    October 17, 2024
          New York, New York

                                                         /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

       **-against-**

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

\_\_\_\_ **Civ.** _____ ( \_\_\_\_ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ **Yes**      ☐ **No**
               *(check one)*

**I.**    **Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
               Street Address _____
               County, City _____
               State & Zip Code _____
               Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant  No. 1        Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2        Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3        Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4        Name  _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

**What happened to you?**
_____
_____
_____

**Who did what?**
_____
_____

_____
_____

**Was anyone else involved?**
_____
_____

**Who else saw what happened?**
_____
_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address            _____

_____

_____

Telephone Number       _____

Fax Number *(if you have one)*   _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number           _____